UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO:

Ronald Egan and all others similarly situated
pursuant to 29 U.S.C. § 216(b),

 Plaintiff(s),

v.

Affordable Mechanics of America, Inc.,
and Ohana America Corporation,

 Defendants.
_____/

**COLLECTIVE ACTION COMPLAINT FOR DAMAGES
AND DEMAND FOR JURY TRIAL**

 Plaintiff, RONALD EGAN ("Plaintiff") on behalf of himself and all others similarly situated, pursuant to *29 U.S.C. § 216(b)*, files the following Collective Action Complaint for Damages and Demand for Jury Trial against Defendants, AFFORDABLE MECHANICS OF AMERICA, INC. (hereinafter "AFFORDABLE MECHANICS") and OHANA AMERICA CORPORATION ("OHANA CORPORATION") (Affordable Mechanics and Ohana Corporation collectively hereinafter "DEFENDANTS") for federal overtime wage violations under the Fair Labor Standards Act ("FLSA"), and alleges as follows:

**INTRODUCTION**

 1. Defendants automatically deducted 1-hour per shift from Plaintiff and all other similarly situated individuals for a meal period they could not take. Plaintiff

1

and all other similarly situated individuals often worked more than forty (40) hours per week and were not completely relieved of their duties for a 1-hour meal period that was automatically deducted from them. As a result of this policy, Defendants unlawfully deprived Plaintiff and other similarly situated employees of federal overtime wages during the course of their employment. This action arises under the FLSA, pursuant to *29 U.S.C. §§ 201–216,* to recover all overtime wages and damages that Defendants owe Plaintiff and all other similarly situated individuals during the previous three (3) years.

## **PARTIES**

2. During all times material hereto, Plaintiff was a resident of Pinellas County, Florida, was over the age of 18 years, and was otherwise *sui juris.*

3. During all times material hereto, Defendant AFFORDABLE MECHANICS OF AMERICA, INC. was a Florida for-profit corporation doing business within the jurisdiction of this Honorable Court. Affordable Mechanics is headquartered at 1509 Clearwater Largo Road North, Largo, FL 33770.

4. Plaintiff worked for Defendant Affordable Mechanics at its auto repair shop located at 2900 5th Avenue, N., St. Petersburg, FL 33713 during his employment period.

5. During all times material hereto, Defendant Affordable Mechanics was vested with control and decision-making authority over the scheduling, hiring, firing day-to-day operations, and pay practices that pertained to Plaintiff and all other similarly situated individuals.

6. Defendant Affordable Mechanics was Plaintiff's employer, as defined by 29 U.S.C. § 203(d), during all times pertinent to the allegations herein.

7. During all times material hereto, Defendant OHANA CORPORATION was also a Florida for-profit corporation doing business within the jurisdiction of this Honorable Court. Ohana Corporation has the same headquarters as Affordable Mechanics, located at 1509 Clearwater Largo Road North, Suite 1, Largo, FL 33770.

8. During all times material hereto, Defendant Ohana Corporation was vested with control and decision-making authority over the scheduling, hiring, firing day-to-day operations, and pay practices that pertained to Plaintiff and all other similarly situated individuals.

9. Defendant Ohana Corporation was Plaintiff's employer, as defined by 29 U.S.C. § 203(d), during all times pertinent to the allegations herein.

10. During all times material hereto, Defendants were Plaintiff's "joint employer" as that term is defined by the FLSA and pertinent regulations.

## JURISDICTION AND VENUE

11. The acts and/or omissions giving rise to this dispute took place within Pinellas County, Florida, which falls within the jurisdiction of this Honorable Court.

12. Defendants regularly transact business in Pinellas County, Florida. Therefore, jurisdiction is proper within the Middle District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. §§ 1331* and *1337*.

13. Venue is also proper within the Middle District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. § 1391(b)*.

## FLSA COVERAGE

14. Defendant Affordable Mechanics is covered under the FLSA through enterprise coverage, as Affordable Mechanics was engaged in interstate commerce during Plaintiff's employment period. More specifically, Defendant Affordable Mechanics' business and Plaintiff's work for Affordable Mechanics affected interstate commerce because the goods and materials that Plaintiff and other employees used and/or handled on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same. Accordingly, Affordable Mechanics was engaged in interstate commerce pursuant to *29 U.S.C. § 203(s)(1)(A)*.

15. During his employment with Affordable Mechanics, Plaintiff and multiple other employees handled and worked with various goods and/or materials that moved through interstate commerce, including, but not limited to: cell phones, clothing, keys, paper, pens, pencils, cash, motor vehicles, automotive oil, tape, wrenches, torque wrenches, sockets, car jacks, dollies, batteries, automotive diagnostic tools, compression fittings, etc.

16. Affordable Mechanics regularly employed two (2) or more employees for the relevant time period, and these employees handled the same or similar goods or materials as Plaintiff, thus making Affordable Mechanics an enterprise covered by the FLSA.

17. Affordable Mechanics grossed or did business in excess of $500,000.00 in 2022 and is expected to gross in excess of $500,000.00 in 2023.

18. Defendant Ohana Corporation is also covered under the FLSA through enterprise coverage, as Ohana Corporation was engaged in interstate commerce during Plaintiff's employment period. More specifically, Defendant Ohana Corporation's business and Plaintiff's work for Ohana Corporation affected interstate commerce because the goods and materials that Plaintiff and other employees used and/or handled on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same. Accordingly, Ohana Corporation was engaged in interstate commerce pursuant to *29 U.S.C. § 203(s)(1)(A)*.

19. During his employment with Ohana Corporation, Plaintiff and multiple other employees handled and worked with various goods and/or materials that moved through interstate commerce, including, but not limited to: cell phones, clothing, keys, paper, pens, pencils, cash, motor vehicles, automotive oil, tape, wrenches, torque wrenches, sockets, car jacks, dollies, batteries, automotive diagnostic tools, compression fittings, etc.

20. Ohana Corporation regularly employed two (2) or more employees for the relevant time period, and these employees handled the same or similar goods or materials as Plaintiff, thus making Ohana Corporation an enterprise covered by the FLSA.

21. Ohana Corporation grossed or did business in excess of $500,000.00 in the years 2020, 2021, 2022 and is expected to gross in excess of $500,000.00 in 2023.

22. During his employment with Defendants, Plaintiff: (i) performed non-exempt work; (ii) did not have supervisory authority over any individuals; (iii); did not make any decisions of importance on behalf of Defendants; and (iv) was not required to possess any advanced or prolonged education in order to perform any of his primary duties and responsibilities.

23. During all material times hereto, Plaintiff was a non-exempt employee of Defendants, within the meaning of the FLSA.

## JOINT ENTERPRISE COVERAGE

24. During all times material hereto, Defendants Affordable Mechanics and Ohana Corporation performed substantially related business activities, as both corporate entities focused their operations on owning and operating auto repair shops.

25. Defendants Affordable Mechanics and Ohana Corporation used central management and/or common control to effectuate the business needs of both entities.

26. Moreover, during all times material hereto, Defendants Affordable Mechanics and Ohana Corporation were engaged in offering substantially the same or similar goods and services to their customers.

27. Defendants, Affordable Mechanics and Ohana Corporation also shared a common business purpose during all times material hereto.

28. During all times material hereto, Defendant, Affordable Mechanics used Ohana Corporation's assistance in its operations and vice-versa.

29. During all times material hereto, Defendants shared and interchangeably used one or more d/b/a monikers including "Affordable Mechanics of America."

30. During all times material hereto, supervisors for Ohana Corporation managed and supervised Affordable Mechanics employees, including Plaintiff, and vice-versa.

31. Brittain Koball was the registered agent, President and CEO of Affordable Mechanics and Ohana Corporation during all times material hereto.

32. During all times material hereto, Affordable Mechanics and Ohana Corporation shared the same principal address and headquarters at 1509 Clearwater Largo Road, Largo, FL 33770.

33. The gross revenue of Defendants, Affordable Mechanics and Ohana Corporation, was collectively in excess of $500,000.00 in 2020, 2021, 2022 and is expected to gross in excess of $500,000.00 in 2023.

34. Defendants Affordable Mechanics and Ohana Corporation intermingle resources, finances, employees, contractors, and supplies to provide goods, services and resources to their customers and clients.

35. During all time periods hereto, Defendant, Ohana Corporation maintained control over the day-to-day operations of Defendant, Affordable Mechanics, including the payroll, human resources, hiring, firing, and scheduling of employees (including Plaintiff).

36. Accordingly, Defendants were a Joint Enterprise as that term is defined by the FLSA and pertinent regulations during all times material hereto.

### **PLAINTIFF'S WORK FOR DEFENDANTS**

37. Affordable Mechanics is an automotive service company that primarily provides automotive repair and maintenance in several states, including but not limited to Florida, Nevada, Arizona, and Colorado. *See* https://www.affordable-mechanics.com (last visited December 21, 2022).

38. Defendant Ohana Corporation owns and/or operates Affordable Mechanics.

39. Defendant, Ohana Corporation, hired Plaintiff to work for Ohana Corporation and Affordable Mechanics as a full-time Automotive Technician/Car Mechanic on or about May 30, 2022.

40. Plaintiff continued to work for Defendants as a non-exempt Automotive Technician/Car Mechanic until November 4, 2022.

41. Plaintiff's primary job duty during his employment period was to diagnose and repair automotive vehicles according to work orders.

42. Plaintiff earned an hourly rate of $43.75 during his employment period with Defendants.

43. During all times material hereto, Defendants scheduled Plaintiff to work from 9:00 a.m. to 6:00 p.m., from Monday through Friday, for a total of approximately 45-hours per week.

44. Moreover, Plaintiff's offer letter from Defendants specified that he was expected to work at least "175+ hours/month."

45. However, during all times material hereto, Defendants automatically deducted a full hour from Plaintiff each day of work for a meal period (even though Plaintiff was not completely relieved of his duties for the purported meal period).

46. During all times material hereto, Defendants were aware or constructively aware that Plaintiff was not completely relieved of his duties for the purpose of having a meal period during the 1-hour that Defendants automatically deducted from Plaintiff.

47. Defendants' practice of making automatic 1-hour meal deductions causes overtime wage violations during workweeks when Plaintiff and all other Automotive Technicians/Car Mechanics work more than 40 hours.

48. Furthermore, during all times material hereto, Defendants' records were inaccurate because they did not show or reflect the fact that Plaintiff was not completely relieved of his job duties during his unpaid meal period.

49. Defendants therefore failed to comply with the record-keeping requirements under FLSA.

## COLLECTIVE ALLEGATIONS

50. Plaintiff seeks certification of the following collective under 29 U.S.C. § 216(b) for common and widespread overtime wage violations:

> **Automatic Meal Deduction Collective:** All Automotive Technicians/Car Mechanics employed by Defendants in Florida within the previous three (3) years who were not completely

9

relieved of their duties during the 1-hour meal period that Defendants automatically deducted from Automotive Technicians/Car Mechanics each shift.

51. Members of the collective are treated equally and similarly throughout Florida in that they were denied full and proper federal overtime wages as a result of automatic meal deductions during workweeks when Automotive Technicians/Car Mechanics work more than forty (40) hours in a workweek and are not completely relieved of duties during the purported meal periods.

52. Defendants' automatic meal deduction is a common policy or plan that uniformly leads to overtime wage violations with respect to each and every Automotive Technician/Car Mechanic who works in excess of forty (40) hours in a workweek.

53. Defendants have employed dozens of hourly Automotive Technicians/Car Mechanics in Florida who were not paid federal overtime wages as a result of Defendants' automatic meal deduction policy over the course of the previous three (3) years.

54. Plaintiff and similarly situated Automotive Technicians/Car Mechanics were subjected to the same employment policies and worked the same schedule while employed by Defendants in Florida.

55. Plaintiff and similarly situated Automotive Technicians/Car Mechanics performed the same or similar job duties for Defendants and were not compensated federally mandated overtime wages during the previous three (3) years.

56. Defendants failed to keep accurate time and pay records for Plaintiff and all members of the putative collective, to designate when, if ever, Plaintiff and collective members were completely relieved of duties for the purpose of a meal period.

57. Defendants further failed to keep accurate time and pay records to designate the *full amount of hours* worked by Plaintiff and other Automotive Technicians/Car Mechanics during each workweek within the relevant time period.

58. Defendants were aware of the requirements of the FLSA, and the pertinent regulations thereto, yet acted willfully in failing to pay Plaintiff and members of the collective in accordance with the FLSA.

### COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS – 29 U.S.C. § 207
### (Against both Defendants)

59. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 58 as though set forth fully herein.

60. Defendants refused to pay Plaintiff and all other similarly situated employees one-and-one-half times their regular hourly rate for some hours worked over forty (40) in one or more weeks of their employment.

61. Defendants automatically deducted 1-hour per day from Plaintiff and all other similarly situated Automotive Technicians/Car Mechanics for a meal period which they were not permitted to take, including during workweeks when Plaintiff and similarly situated Automotive Technicians/Car Mechanics worked over forty (40) hours.

62. Plaintiff seeks certification under 29 U.S.C. § 216(b) of the following similarly situated Collective:

> **All Automotive Technicians/Car Mechanics employed by Defendants in Florida within the previous three (3) years who were not completely relieved of their duties during the 1-hour meal period that Defendants automatically deducted from Automotive Technicians/Car Mechanics each shift.**

63. During all times material hereto, Plaintiff's and other similarly situated Automotive Technicians/Mechanics' off-the-clock work was more than de-minimus.

64. Defendants willfully and intentionally refused to pay Plaintiff and similarly situated Automotive Technicians/Car Mechanics federal overtime wages as required by the FLSA, as Defendants knew or should have known of the FLSA's overtime wage requirements.

65. Accordingly, the statute of limitations in this action should be three (3) years as opposed to two (2) years.

66. Plaintiff claims time-and-one-half his regular hourly rate for all unpaid work over forty (40) hours per week during his employment period.

67. Defendants' willful and/or intentional violations of the FLSA entitle Plaintiff to an additional amount of liquidated, or double, damages.

WHEREFORE, Plaintiff, RONALD EGAN, respectfully requests that this Honorable Court enter judgment in his favor and against Defendants, AFFORDABLE MECHANICS OF AMERICA, INC., and OHANA AMERICA CORPORATION, and award Plaintiff: (a) unliquidated damages payable by Defendants, jointly and severally; (b) liquidated damage payable by Defendants,

jointly and severally; (c) reasonable attorney's fees and costs payable by Defendants, jointly and severally; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, RONALD EGAN, demands a trial by jury on all appropriate claims.

**Dated: January 25, 2023**

>Respectfully Submitted,
>
>**USA EMPLOYMENT LAWYERS-**
>**JORDAN RICHARDS, PLLC**
>1800 SE 10th Ave, Suite 205
>Fort Lauderdale, Florida 33316
>Ph: (954) 871-0050
>*Counsel for Plaintiff*
>
>By: */s/ Jordan Richards*
>JORDAN RICHARDS, ESQUIRE
>Florida Bar No. 108372
>JAKE S. BLUMSTEIN, ESQUIRE
>Florida Bar No. 1017746
>Jordan@jordanrichardspllc.com
>Jake@jordanrichardspllc.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on January 25, 2023.

>By: */s/ Jordan Richards*
>JORDAN RICHARDS, ESQUIRE
>Florida Bar No. 108372

## SERVICE LIST:

13