UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RONALD EGAN and all others similarly
situated pursuant to 29 U.S.C. § 216(b),

    Plaintiff(s),

v.                                            Case No. 8:23-cv-178-KKM-SPF

AFFORDABLE MECHANICS OF
AMERICA, INC.; and OHANA AMERICA
CORPORATION,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause comes before the Court on Plaintiff's Motion for Final Default Judgment Against Affordable Mechanics of America, Inc. and Ohana America Corporation (Doc. 23). For the reasons set forth herein, the undersigned recommends that the motion be GRANTED IN PART AND DENIED IN PART and judgment be entered in favor of Plaintiff and against Defendants, jointly and severally.

### I.    BACKGROUND

On January 25, 2023, Plaintiff filed his Complaint against Defendants (Doc. 1), which brings one claim for federal overtime wage violations pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"). Plaintiff was employed by Defendants[1] as a full-time automotive technician/car mechanic from May 2022 through November 2022 (Doc. 1, ¶¶

---

[1] Plaintiff names both Affordable Mechanics of America, Inc. and Ohana America Corporation as Defendants under a joint employer theory. *See Antenor v. D&S Farms*, 88 F.3d 925, 929 (11th Cir. 1996) (stating that a party can qualify as a joint employer if "as a matter of economic reality, the individual is dependent on the entity").

39–40).  Plaintiff alleges that Defendants automatically deducted one hour per shift worked from Plaintiff's and all similarly situated individuals' paychecks for a meal period they could not take.[2]  As a result of this policy, Defendants unlawfully deprived Plaintiff of overtime wages during the course of his employment.

Defendants were each served with a copy of the Summons (Docs. 4, 5) and Complaint on May 3, 2023 (Docs. 13, 14).  Accordingly, Defendants' deadline to file a responsive pleading was May 24, 2023.  After Defendants failed to file responsive pleadings, on July 11, 2023, Plaintiff filed a Motion for Entry of Default by the Clerk (Doc. 20).  On July 25, 2023, the Clerk entered defaults against Defendants (Docs. 21, 22).  Plaintiff now seeks a final default judgment against Defendants.  Plaintiff has filed a declaration (Doc. 23-1) establishing that he suffered damages in the amount of $14,438.60, consisting of $7,219.30 in unpaid back wages and $7,219.30 in liquidated damages for the unpaid wages claim.  Plaintiff also seeks attorney's fees and costs (Doc. 23).

II.     **STANDARD OF REVIEW**

---

[2] The FLSA provides in pertinent part that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b); *see also Anderson v. Cagle's Inc.,* 488 F.3d 945, 950 n.3 (11th Cir.2007) ("Unlike class actions governed by Rule 23 of the Federal Rules of Civil Procedure, in which potential class members may choose to opt out of the action, FLSA collective actions require potential class members to notify the court of their desire to opt in to the action."). Although Plaintiff filed his Complaint "on behalf of himself and all others similarly situated" (*see* Doc. 1 at 1) no individuals have "opted in" to this FLSA action. Accordingly, this default judgment does not bar claims of other similarly situated individuals; rather, it only bars future claims by Plaintiff.

A court may enter a default judgment against a party who has failed to respond to a complaint if the complaint provides a sufficient basis for the judgment. *See Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015). "A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact" set forth in the operative complaint. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (quotation omitted). As such, if well-pleaded, liability is established by virtue of a default. *See Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).

Damages, however, are not admitted by virtue of default. *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999). "Rather, the Court determines the amount and character of damages to be awarded." *Id*. Damages to be awarded by default judgment may be assessed "without a hearing [if the] amount claimed is a liquidated sum or one capable of mathematical calculation," as long as "all essential evidence is already of record." *S.E.C. v. Smyth*, 420 F.3d 1225, 1231, 1232, 1233 n.13 (11th Cir. 2005) (quoting *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985)); *see also Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (a hearing is not necessary if sufficient evidence is submitted to support the request for damages).

### III. DISCUSSION

#### A. *Liability*

In Count I of his Complaint, Plaintiff alleges Defendants automatically deducted one hour per shift worked from Plaintiff's paychecks for a meal period he could not take (Doc. 1, ¶¶ 59–67). As a result of this policy, Defendants unlawfully deprived Plaintiff of overtime

3

wages during the course of his employment. In other words, Defendants refused to pay Plaintiff one-and-one-half times his regularly hourly rate for some hours worked over forty in one week of his employment, in violation of the FLSA (Doc. 1, ¶¶ 43–47).

"The FLSA requires employers who meet its preconditions to pay workers a minimum wage and to provide overtime pay where workers exceed forty hours per week." *Polycarpe v. E&S Landscaping Serv., Inc.*, 616 F.3d 1217, 1220 (11th Cir. 2010). The overtime compensation required by law is "at least one and a half times [the employee's] regular wage for every hour worked in excess of forty per week." *Bailey v. TitleMax of Ga., Inc.*, 776 F.3d 797, 800 (11th Cir. 2015) (citing 29 U.S.C. § 207(a)(1)). "A plaintiff claiming unpaid wages under the FLSA must demonstrate the following: (1) the defendant employed the plaintiff; (2) the plaintiff engaged in interstate commerce or that the defendant is an enterprise engaged in interstate commerce; and (3) the defendant failed to pay the plaintiff a minimum wage or overtime compensation." *Lozano v. Datereybru Co., LLC*, No. 6:19-cv-1783-CEM-LHP, 2022 WL 2317459, at *3 (M.D. Fla. Apr. 7, 2022) (citations omitted), *report and recommendation adopted*, 2022 WL 2802945 (July 18, 2022).

Based on the allegations in the Complaint, deemed admitted, and Plaintiff's declaration in support of the motion for default judgment, these elements are met. First, Plaintiff alleges that Defendants were his employer (Doc. 1, ¶¶ 4, 6, 9). The Complaint also alleges that Defendants are enterprises engaged in interstate commerce (*Id.*, ¶¶ 14, 18). Finally, the Complaint alleges that Defendants failed to pay Plaintiff overtime compensation (*Id.*, ¶ 60). This is sufficient to establish that Defendants are liable to Plaintiff for the overtime wages that he is owed for his work.

B. *Damages*

It is well-recognized that "where the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes … an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Etienne v. Inter-County Sec. Corp.*, 173 F.3d 1372, 1375 (11th Cir. 1999) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)). Here, Plaintiff's declaration is sufficient evidence to show the amount and extent of the work he performed and provides an adequate basis for calculating his damages. *See, e.g., Wallace v. The Kiwi Grp.*, 247 F.R.D. 679, 682 (M.D. Fla. 2008) (finding plaintiffs' affidavits sufficient evidence for calculating FLSA damages).

Under the FLSA, Plaintiff is entitled to be paid one and one-half times his regular rate of pay for all hours worked in excess of forty hours per work week. *See* 29 U.S.C. § 207(a)(1). Plaintiff's sworn testimony provides that he worked forty-five hours per week, on average, during the entirety of his employment with Defendants (Doc. 23-1, ¶ 6). He further attests that he received $43.75 per hour for each hour worked (*Id.*, ¶ 5). Accordingly, Plaintiff is entitled to $65.73 per hour for every hour of overtime worked. Plaintiff avers that he worked five overtime hours per week and was employed by Defendants for twenty-two weeks (*Id.*, ¶¶ 4–6). As a result, Plaintiff is entitled to $7,219.30 in overtime compensation.

C. *Liquidated Damages*

By failing to answer the Complaint, Defendants admit that they acted willfully in failing to pay Plaintiff the statutorily required overtime compensation. Because Defendants have failed to establish their failure to pay Plaintiff the statutorily required overtime compensation was in good faith or that they had reasonable grounds for believing that they were not acting in violation of the FLSA, Plaintiff is entitled to liquidated damages on his overtime wages claim. *Morgan*, 551 F.3d at 1282 (stating that "the district court has discretion to reduce or deny liquidated damages if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the FLSA") (quotations and alterations omitted); *see also Miller*, 75 F. Supp. 2d at 1346 (noting that "[b]y virtue of its default, [defendant] has admitted a wil[l]ful violation . . . and the Court is precluded from finding good faith"). Accordingly, Defendants are liable to Plaintiff for the amount of unpaid overtime compensation owed to him, $7,219.30, as liquidated damages. 29 U.S.C. §§ 216(b), 260.

### D. *Attorney's Fees and Costs*

Plaintiff also seeks an award for attorney's fees in the amount of $5,704.25 and costs in the amount of $1,656.02. The FLSA requires that, in any action brought by an employee to enforce § 207 of the Act, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). To calculate an award of attorney's fees under the lodestar method, a court must multiply the reasonable hourly rate by the reasonable hours expended in the litigation. *See Blum v. Stenson*, 465 U.S. 886, 888 (1984) (citing *Hensley v. Eckerhart,* 461

U.S. 424 (1983)). A final lodestar amount "embodies a presumptively reasonable fee." *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1164 (11th Cir. 2017) (citation omitted).

A "reasonable hourly rate" consists of "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citations omitted). Plaintiff "bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates." *Id*. "Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work…. [S]atisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits." *Id.* (internal citations omitted). Moreover, "[t]he court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Id.* at 1303 (quotation omitted).

> Plaintiff requests that the Court find reasonable these hourly rates of his legal team:
>
> (1) $395 for Attorney Jordan Richards, the owner and managing member of USA Employment Lawyers – Jordan Richards PLLC (the "Law Firm"), an attorney with nine years of experience;
>
> (2) $275 for Attorney Jake Blumstein, an associate attorney at the Law Firm with 4 years of experience; and
>
> (3) $150 for law clerks Sarah Schaefer and Ahava Livingstone.

In support, Plaintiff offers the declaration of Attorney Richards (Doc. 23-1).

The Court may use its discretion and expertise to determine the appropriate hourly rate to apply to an award of attorney's fees. *See Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002). In the Tampa division, $395 per hour in an individual

7

FLSA case is reasonable. *See Gordon v. Double Eagle of Sarasota, Inc., et al.*, No. 8:16-cv-2561-EAK-AEP, Doc. 42 (M.D. Fla. June 21, 2019) (finding $425 per hour reasonable rate for partner in individual FLSA case); *Pena v. RDI, LLC*, No. 8:17-cv-1404-T-AAS, 2019 WL 3017574, at * 1-2 (M.D. Fla. July 10, 2019 (awarding $425 per hour to plaintiff's counsel in individual FLSA case); *Alvarez v. Gregory HVAC LLC*, No. 8:19-cv-1826-CEH-JSS, 2022 WL 3101768, at * 6 (Aug. 4, 2022) (awarding $400 per hour to counsel in FLSA case with 15 years of experience).

Attorney Blumstein's requested hourly rate of $275 is also reasonable. Courts in the Middle District routinely find hourly rates between $250 and $375 reasonable for associate-level attorneys in FLSA cases. *See Rizzo-Alderson v. Tawfik*, No. 5:17-cv-292-FtM-38MRM, 2019 WL 2078730, at *2 (M.D. Fla. July 1, 2019) (collecting Middle District cases); *see also Martinez v. DDS Delivery Servs., LLC*, No. 6:21-cv-794-GAP-EJK, 2021 WL 7084719, at *7 (M.D. Fla. Dec. 17, 2021) (awarding attorney with five years of experience an hourly rate of $250); *Pollock v. Move4All, Inc.*, No. 6:19-cv-130-Orl-31DCI, 2020 WL 5505389, at *3-4 (M.D. Fla. Aug. 21, 2020) *report and recommendation adopted*, 2020 WL 5500213 (Sept. 11, 2020) (finding hourly rate of $200 reasonable for attorney with approximately five years of legal experience); *Yasmin v. Triple T II, Inc.*, No. 8:19-cv-1158-T-36AAS, 2020 WL 418874, at * 5 (M.D. Fla. Jan. 27, 2020) (awarding attorney with approximately four years of experience an hourly rate of $275 in FLSA case); *Davis v. D&G Erectors Corp.*, No. 6:18-cv-2058-Orl-22TBS, 2019 WL 3383547, at *4 (M.D. Fla. May 29, 2019), *report and recommendation adopted*, No. 6:18-cv-2058-Orl-22TBS, Doc. 25 (June 17, 2019) (same, attorney with approximately three years of experience).

The $150 hourly rate for law clerks, however, is unreasonable for this legal market. While Attorney Richards states that law clerks at his firm have been awarded $150 per hour in FLSA cases, he fails to cite to any case from the Tampa Division or the Middle District of Florida (Doc. 23-2, ¶ 13). The Court finds that $150 for law clerks in the Tampa Division is unreasonable and as a result, their rate should be reduced to $100. *See Pilipajc v. Atria Grp., LLC*, No. 8:13-cv-2415-T-35JSS, 2016 WL 7228875, at *3 (M.D. Fla. Jan. 19, 2016), *report and recommendation adopted*, 2016 WL 7228877 (Feb. 17, 2016) ("Rather, the prevailing hourly rate for a law clerk in the relevant legal community ranges from $40 to $100."); *Grigoli v. Scott Cochrane Inc.*, No. 8:14-cv-844-T-23EAJ, 2015 WL 4529032, at *7 (M.D. Fla. July 27, 2015) (finding $100 hourly rate for law clerk in FLSA case to be reasonable).

As for the reasonableness of the hours expended, in the absence of objection, it is recommended that the Court find the 29.36 hours billed reasonable. Based on these recommendations, the lodestar attorney's fee in this case is $4,698.75 ($395 multiplied by 1.2 hours for a total of $474.00; $275.00 multiplied by 8.05 hours for a total of $2,213.75; and $100 multiplied by 20.11 hours for a total of $2,011.00).

Finally, Plaintiff seeks $1,656.02 in costs consisting of $402.00 for the filing fee; $285 for the state-wide summons fee for Affordable Mechanics of America, Inc.; $195.00 for the out-of-state summons fee for Affordable Mechanics of America, Inc.; $120.00 for the skip trace fee for Affordable Mechanics of America, Inc.; $285 for the state-wide summons fee for Ohana America Corporation; $195.00 for the out-of-state summons fee for Ohana America Corporation; $120.00 for the skip trace fee for Ohana America Corporation; $8.75 for the check for the secretary of state for AMA; $18.31 for the process server fee for Affordable

9

Mechanics of America, Inc.; and $18.31 for the process server fee for Ohana America Corporation. In FLSA cases, courts may award as costs those expenses permitted by 28 U.S.C. § 1920. *See Glenn v. Gen. Motors Corp.*, 841 F.2d 1567, 1575 (11th Cir. 1988). Taxable costs pursuant to 28 U.S.C. § 1920 include only:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. Filing fees and costs of serving process are permitted by 28 U.S.C. § 1920(1). *See EEOC v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000) (private process server fees may be taxed pursuant to § 1920(1) and § 1921). As such, it is recommended that Plaintiff be awarded $1,656.02 in costs for the filing fee and service of process.

Accordingly, it is hereby

**RECOMMENDED:**

1. Plaintiff's Motion for Final Default Judgment Against Affordable Mechanics of America, Inc. and Ohana America Corporation (Doc. 23) be granted in part and denied in part.

2. The Court direct the Clerk to enter a final default judgment for Plaintiff.

3. Plaintiff be awarded the following amounts against Defendants: unpaid overtime wages in the amount of $7,219.30; liquidated damages in the amount of $7,219.30; reasonable attorney's fees in the amount of $4,698.75; and costs incurred in this action in the amount of $1,656.02.

**IT IS SO REPORTED** in Tampa, Florida, on January 11, 2024.

_____
SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. Failure of any party to timely object in accordance with the provisions of § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.